IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARK A. CLARK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 22-2365-EFM-ADM |
| | ) |
| 10 ROADS EXPRESS, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter comes before the court on plaintiff Mark A. Clark's Motion to Appoint Counsel. (ECF 4.) For the reasons discussed below, the court denies Clark's request for appointment of counsel without prejudice to being renewed if his claims survive summary judgment and proceed to trial.

**I.   BACKGROUND**

Clark, proceeding *pro se*, filed a complaint on September 15, 2022. His complaint alleges that his employer, defendant 10 Roads Express, violated Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.,* during Clark's employment as a truck driver. More specifically, Clark alleges that because he is African American, he was "removed from [the] work schedule and loads [were] pulled and given to other drivers (white)" and that he was "forced to drive unsanitary & undisinfected equipment." (ECF 1, at 3-4.)

**II.   LEGAL STANDARDS**

"There is no constitutional right to appointed counsel in a civil case." *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) (per curiam). However, Congress has provided courts with the statutory authority to appoint counsel in certain circumstances. Title VII gives courts discretionary authority to appoint counsel "in such circumstances as the court may deem just." 42 U.S.C. §

2000e-5(f)(1). In exercising this discretion, the court considers the following factors: (1) the party's "financial inability to pay for counsel," (2) the party's "diligence in attempting to secure counsel," (3) the merits of the party's claims, and (4) the party's ability to present the case without counsel. *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1421-22 (10th Cir. 1992). The pool of volunteer attorneys is limited, and "[t]houghtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments." *Id.* at 1421. Indiscriminately appointing "volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time." *Id.*

## III.   DISCUSSION

The court does not find it appropriate to appoint counsel for Clark. Although Clark has shown that he conferred with a number of attorneys regarding legal representation (ECF 4, at 2-3), other factors weigh against appointing counsel. First, Clark has not demonstrated an inability to pay for counsel. Perhaps because Title VII authorizes an award of attorney's fees for prevailing plaintiffs, *see* 42 U.S.C. § 2000e–5(k), there is no shortage of attorneys in the Kansas City area willing to represent plaintiffs with meritorious employment claims on a contingency basis (i.e., at no up-front cost). Thus, if Clark's claims have merit, he should have little trouble hiring counsel. Based on the very limited factual allegations and claims presented in the complaint, the court is unable to determine whether Clark's claims are particularly meritorious. In addition, should Clark proceed without an attorney, he has not demonstrated any reason why he would be unable to investigate the facts and present his claims to the court, particularly given the liberal standards governing *pro se* litigants. The factual and legal issues in this case are not extraordinarily complex. And the court has no doubt that the district judge assigned to this case will have little trouble discerning the applicable law.

In the end, the court concludes that this is not a case in which justice requires the appointment of counsel.[1] Clark's motion for appointment of counsel is therefore denied. However, the court will deny the motion without prejudice to it being renewed if Clark's claims survive summary judgment and proceed to trial. The court recognizes that its analysis of the factors relevant to the appointment of counsel may change as the case progresses. "[A] court may well appoint counsel at the outset of a case, [but] it might also decide to postpone the decision—for example, until after resolution of dispositive motions—in order to give itself both more time and more information to evaluate the plaintiff's capabilities and the merits of the case." *Jackson v. Park Place Condominiums Ass'n, Inc.,* No. 13-2626-CM, 2014 WL 494789, at *3 (D. Kan. Feb. 6, 2014). Clark therefore may renew his motion at a later procedural juncture.

**IT IS THEREFORE ORDERED** that Clark's Motion to Appoint Counsel (ECF 4) is denied without prejudice.

**IT IS SO ORDERED.**

Dated September 23, 2022, at Kansas City, Kansas.

s/ Angel D. Mitchell<br>
Angel D. Mitchell<br>
U.S. Magistrate Judge

---

[1] The court recognizes that 28 U.S.C. § 1915(e)(1) is another statutory basis for appointment of counsel. It gives the court discretion to appoint counsel for a plaintiff proceeding *in forma pauperis* ("IFP"). That statute does not apply here because the court recommended that the district judge deny Clark's motion to proceed IFP. (ECF 5.) Even if Clark were proceeding IFP, however, appointment of counsel would not be warranted. The § 1915(e)(1) factors considered in appointing counsel are very similar to the Title VII factors considered, and the analysis would lead the court to reach the same result.