IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARK CLARK,

    *Plaintiff,*

vs.

10 ROADS EXPRESS, LLC,

    *Defendant.*

Case No. 2:22-cv-02365-EFM-ADM

**MEMORANDUM AND ORDER**

Before the Court is Defendant 10 Roads Express, LLC's Motion to Dismiss pro se Plaintiff Mark Clark's claims for racial discrimination and discrimination under Title VII and age discrimination. (Doc. 15). Defendant seeks dismissal of Plaintiff's claims for failure to exhaust his administrative remedies. For the reasons stated below, the Court grants Defendant's Motion.

### I.    Factual and Procedural Background[1]

Plaintiff is an American African who worked for Defendant prior to his termination on July 15, 2021. On July 31, 2021, Plaintiff filed a Charge of Discrimination (the "Charge") with both the Kansas Human Rights Commission ("KRHC") and the Equal Employment Opportunity

---

[1] The facts are taken from Plaintiff's Complaint and are considered true for the purposes of this Order.

Commission ("EEOC"). Checking the boxes for race, age, and disability discrimination, Plaintiff factually alleged that he had been in a minor traffic collusion on June 25, 2021. Because there was no damage to either vehicle, the other driver walked away before Plaintiff could get his license plate number. Plaintiff did not report the incident. After receiving an incorrect paycheck on July 15, 2021, and complaining about it to his driver manager, the manager informed Plaintiff that he was fired for not reporting the incident. In the Charge, Plaintiff stated he believed the real reason for his termination was that he had filed a National Labor Relations Board complaint in April 2021 about similarly deficient paychecks.

After the EEOC issued Plaintiff a right to sue letter, Plaintiff initiated the present lawsuit on September 15, 2022, asserting claims for racial discrimination and discrimination under Title VII and age discrimination.[2] The factual bases of Plaintiff's present case, however, differs entirely from the factual allegations in the Charge. Instead of referencing any of the facts in the Charge, Plaintiff stated that Defendant discriminated/retaliated against him by removal from the work schedule, giving his loads to white drivers, and making him drive unsanitary equipment.

Plaintiff initially failed to issue summons to Defendant. However, he rectified this mistake on January 25, 2023, after the Court issued an order requiring him to show good cause as to why his case should not be dismissed. Defendant brought the present Motion on February 21, 2023. Plaintiff has not responded. Accordingly, the Court finds that the Motion is ripe for ruling.

---

[2] Plaintiff's Complaint on this point is confusing. He does not check the box showing that he brings a claim under the Age Discrimination in Employment Act, but nevertheless includes allegations of age discrimination in the body of his Complaint. Regardless, this is irrelevant to the Court's analysis of Defendant's Motion.

## II.     Legal Standard

**A.     Motion to dismiss**

Under Rule 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[3] Upon such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.' "[4] A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[5] The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of claims as well the grounds on which each claim rests.[6] Under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint, but need not afford such a presumption to legal conclusions.[7] Viewing the complaint in this manner, the court must decide whether the plaintiff's allegations give rise to more than speculative possibilities.[8] If the allegations in the complaint are "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.' "[9]

---

[3] Fed. R. Civ. P. 12(b)(6).

[4] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[5] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[6] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

[7] *Iqbal*, 556 U.S. at 678–79.

[8] *See id.* ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." (citation omitted)).

[9] *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 570).

**B.     Pro se plaintiffs**

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers."[10]  A pro se litigant is entitled to a liberal construction of his pleadings.[11]  If a court can reasonably read a pro se complaint in such a way that it could state a claim on which it could prevail, it should do so despite "failure to cite proper legal authority . . . confusion of various legal theories . . . or [Plaintiff's] unfamiliarity with the pleading requirements."[12]  However, it is not the proper role of a district court to "assume the role of advocate for the pro se litigant."[13]  As it relates to motions to dismiss generally, the court "accept[s] the well-pleaded allegations of the complaint as true and construe[s] them in the light most favorable to the plaintiff."[14]  "Well-pleaded" allegations are those that are facially plausible such that "the court [can] draw the reasonable inferences that the defendant is liable for the misconduct alleged."[15]

### III.     Analysis

**A.     Plaintiff has failed to exhaust his administrative remedies for his Complaint.**

"A plaintiff normally may not bring a Title VII action based upon claims that were not part of a timely-filed EEOC charge for which the plaintiff has received a right-to-sue-letter."[16]  Although failure to timely file a charge is not a jurisdictional bar to courts hearing a plaintiff's

---

[10] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[11] *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) ("Because Mr. Trackwell appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys.").

[12] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[13] *Id.*

[14] *Ramirez v. Dep't of Corr., Colo.*, 222 F.3d 1238, 1240 (10th Cir. 2000).

[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[16] *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1181 (10th Cir. 2018) (quoting *Foster v. Ruhrpumpen, Inc.*, 365 F.3d 1191, 1194 (10th Cir. 2004) (further quotations omitted).

claims, a defendant may raise failure to exhaust administrative remedies as an affirmative defense.[17] Defendant here raises Plaintiff's failure to include the factual bases of his present claims within the Charge as a bar to Plaintiff bringing those claims in court.

Generally, an EEOC charge must include "[a] clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practice."[18] However, an otherwise lacking charge will suffice if it is "sufficiently precise to identify the parties, and to describe generally the action or practices complained of."[19] Courts must "liberally construe charges filed with the EEOC in determining whether administrative remedies have been exhausted as to a particular claim."[20] Nevertheless, the plaintiff must describe the "discriminatory *acts*" for each claim within the charge.[21] Therefore, "the charge must contain facts concerning the discriminatory and retaliatory actions underlying each claim."[22] This is because "each discrete incident of alleged discrimination or retaliation constitutes its own unlawful employment practice for which administrative remedies must be exhausted."[23] In other words, "a claimant must file a charge of discrimination within the appropriate limitations period as to each such discrete act of discrimination that occurred."[24]

---

[17] *Id.* at 1185.

[18] 29 C.F.R. § 1601.12(a)(3).

[19] *Id.* § 1601.12(b).

[20] *Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1186 (10th Cir. 2007).

[21] *Id.* (emphasis in original).

[22] *Id.* (further citations and quotations omitted).

[23] *Id.* (further citations and quotations omitted).

[24] *Davidson v. Am. Online, Inc.*, 337 F.3d 1179, 1184 (10th Cir. 2003) (citing *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002)).

Here, Defendant points out that the facts alleged in Plaintiff's Charge and the those within his Complaint are completely different from each other. The Complaint does not mention the traffic collision, deficient paychecks, or Plaintiff's previous NLRB complaint. Instead, it relies on entirely new factual allegations, such as Defendant removing him from the work schedule, assigning his loads to other white drivers, and forcing him to operate unsanitary equipment. There can be no dispute that Plaintiff failed to include these facts within his Charge. Accordingly, Plaintiff has not exhausted his administrative remedies as to the facts underlying his present claims before this Court. As such, Defendant's Motion must be granted.

**B.       Plaintiff's Complaint will be dismissed with prejudice.**

As Defendant seems to recognize, a fairly normal practice in federal court when a plaintiff's complaint is deemed insufficient is to grant leave to amend the complaint, especially when that plaintiff is pro se.[25] Here, however, Defendant requests that the Court dismiss Plaintiff's Complaint with prejudice because granting leave to amend would be futile. 42 U.S.C. § 2000e-5(e)(1) restricts the filing of EEOC charges to, at most, 300 days from the last discriminatory act. Because that alleged last act of discrimination occurred when Plaintiff was terminated on July 15, 2021, Plaintiff's deadline to file EEOC charges related to the factual allegations in his Complaint was May 11, 2022. This deadline passed nearly a year ago. Plaintiff simply cannot file an EEOC charge relating to the underlying facts in Complaint, meaning that he cannot exhaust his

---

[25] *See, e.g.*, *Abu-Nantambu-El v. Oliva*, 282 F. App'x 658, 663–64 (10th Cir. 2008) (recognizing that district court dismissed plaintiff's claims on the basis of failing to exhaust administrative remedies without prejudice); *Chase v. Conner*, 107 F. App'x 827, 828 (10th Cir. 2004) ("While we must affirm the district court's dismissal, we stress that the dismissal was *without prejudice*. Thus, if Chase timely exhausts his administrative remedies in the future, he may again pursue the underlying complaint in federal district court.") (emphasis in original).

administrative remedies for his current Title VII claims.  Accordingly, dismissal with prejudice is appropriate.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Doc. 15) is **GRANTED** with prejudice.

**IT IS SO ORDERED.**

Dated this 10th day of April, 2023.

This closes the case.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE